UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALFONSO MANUEL BLAKE,  )
  )
    Petitioner,  )  3:09-cv-00327-RCJ-RAM
  )
vs.  )
  )  **ORDER**
E.K. McDANIEL, *et al.*,  )
  )
    Respondents.  )
  )

    A Nevada jury convicted Petitioner Alfonso Manuel Blake of the murders of two young women. He unsuccessfully appealed his conviction and sentence of death in the state courts. He has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. On November 2, 2010, the Court denied his motion for stay and abeyance. (See Order, Nov. 2, 2010, ECF No. 52). Pending before the Court is Petitioner's Motion to Reconsider (Mot. Recons., Nov. 2, 2010, ECF No. 54). For the reasons given herein, the Court denies the motion.

    In denying the original motion, the Court concluded that Petitioner had not established "good cause" for failing to exhaust state court remedies as required by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner argues that the Court made an erroneous "blanket holding that ineffective assistance of post-conviction counsel can never constitute good cause under *Rhines*." (Mot. Recons. 4). The Court made no such holding but concluded that Petitioner's claims that his post-conviction counsel failed to raise potentially meritorious claims in state court, and that such

failure was beyond his control, were insufficient to meet the good cause standard. (See Order 4). The Court rejected this argument because such a claim could be made by virtually every habeas corpus petitioner seeking a stay, which result would clearly conflict with the Supreme Court's guidance in *Rhines* that mixed petitions should only be stayed in limited circumstances. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Thus, the Court denied the motion to stay, not because it categorically rejected the notion that ineffective assistance of post-conviction counsel can serve as good cause for failing to exhaust, but because Petitioner's arguments in support of good cause, as set forth in his initial motion, were too generic.

The Court declines to reconsider. Although the Court did not make such a blanket ruling in the original order, on reconsideration the Court finds that as a matter of law a *Strickland*-type[1] claim of ineffective assistance of post-conviction counsel cannot constitute good cause for failing to exhaust a claim in a federal habeas corpus action. *See Martinez v. Schiro*, 623 F.3d 731, 743 (9th Cir. 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)); *Landrum v. Mitchell*, 625 F.3d 905, 919 (6th Cir. 2010) (citing *Coleman*, 501 U.S. at 750; *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). The law on this point has been clear in this Circuit for over a decade: "[A]ny ineffectiveness of [an] attorney in the post-conviction process is not considered cause for the purposes of excusing [a] procedural default at that stage." *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (citing *Coleman*, 501 U.S. at 752).

This does not mean that post-conviction counsel's actions can never support a showing of good cause. Good cause can exist, for example, based on a claim that post-conviction counsel ignored a petitioner's instructions and thereby obtained a worse outcome than the petitioner would have reached on his own. But such a claim is different from an ineffective assistance claim. Although such a claim involves a petitioner's post-conviction attorney, it is at its core a garden-variety claim of external interference with a petitioner's ability to present a claim. *See id.* at 1134 (holding that an attorney's interference with a petition due to a conflict of interest can support

---

[1] *See Strickland v. Washington*, 466 U.S. 688 (1984).

cause excusing a procedural default). In other words, "my attorney didn't do a good enough job in post-conviction proceedings" cannot constitute good cause, *see id.* at 1133, but "my attorney interfered with my attempts to present my petition" can, *see id.* at 1134. A contrary conclusion would not only frustrate the purposes of AEDPA, it would erode the Supreme Court's explicit rejection of a putative right to post-conviction counsel in *Finley*, because it would excuse procedural defaults based purely upon the performance of that counsel as measured not by the good cause standard, but by the professional standard of *Strickland*. Petitioner claims only the first kind of error, which cannot support a finding of cause.

**IT IS THEREFORE ORDERED** that "Petitioner's Motion for Reconsideration of Denial of Motion for Stay and Abeyance" (docket #54) is DENIED.

**IT IS FURTHER ORDERED** that Petitioner shall have **twenty (20) days** from the date this order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that Claims One through Five, Six(A)(B)and(D), Seven(A-F)(H-J), and Nine through Thirteen are to be deleted from his amended petition (docket #17).

**IT IS FURTHER ORDERED** that, if Petitioner does not abandon his unexhausted claims within the time allowed, the amended petition (docket #17) shall be dismissed under Rose v. Lundy, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if Petitioner abandons his unexhausted claims within the time allowed, respondents shall have sixty (60) days from the date the Notice of Abandonment is filed within which to file an Answer to the remaining claims in the second revised amended petition (docket #17).

DATED: March 14, 2011

_____
UNITED STATES DISTRICT JUDGE