1
2
3
4
5
6                           **UNITED STATES DISTRICT COURT**
7                                **DISTRICT OF NEVADA**
8
9   ALFONSO MANUEL BLAKE,                    )
10                 Petitioner,               )          3:09-cv-00327-RCJ-RAM
                                             )
11  vs.                                      )
                                             )          **ORDER**
12  E.K. McDANIEL, *et al.*,                 )
                                             )
13                 Respondents.              )
                                             )
14  _____/
15          On November 2, 2010, this court entered an order granting, in part, respondents' motion to
16  dismiss (docket #33) and denying petitioner Blake's motion for stay and abeyance (docket #29).
17  Docket #52.  In that order, the court concluded that several of the claims in Blake's amended petition
18  (Claims One through Five, Six(A)(B)and(D), Seven(A-F)(H-J), and Nine through Thirteen) are
19  unexhausted.  Furthermore, because Blake has not met the requirements for a stay pursuant to *Rhines*
20  *v. Weber*, 544 U.S. 269 (2005), the court ordered Blake to either abandon those claims or face
21  dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982).
22          Arguing that the court failed to determine whether certain claims may be at least partially
23  exhausted, Blake has filed a motion asking the court to clarify its exhaustion ruling before he decides
24  whether to abandon exhausted claims or suffer dismissal.  Docket #61.
25          To exhaust a ground for relief, a petitioner must fairly present that ground for relief to the
26  state's highest court, and must give that court the opportunity to address and resolve it.  *See Duncan*

1  *v. Henry*, 513 U.S. 364, 365 (1995); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  The "fair

2  presentation" requirement is satisfied when the claim has been presented to the highest state court by

3  describing the operative facts and the legal theory upon which the federal claim is based.  *See*

4  *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982),

5  *cert. denied*, 463 U.S. 1212 (1983).  To fairly present a federal claim to the state court, the petitioner

6  must alert the court to the fact that he asserts a claim under the United States Constitution.  *Hiivala*

7  *v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 365-66), *cert. denied*, 529

8  U.S. 1009 (2000).

9       Having considered the points and authorities submitted by both parties, the court decides as

10  follows as to the exhaustion status of Blake's claims.

11       First, Blake argues that Claims One, Two(A), Three, Five(G) and (J), Six(E), Seven(A), (C),

12  (C1), (C3), (C4), (F), (J), (K), Nine(Aii), (F), and Twelve(A) are claims for which he presented the

13  operative facts and specified legal grounds to the Nevada Supreme Court.

14       Claims One, Five(J), Six(E), and Seven(K) are claims in which Blake seeks habeas relief

15  based on cumulative error.  According to Blake, these claims "are exhausted to the extent that the

16  claims they reference are exhausted."  Docket #61, p. 8.  However, "a cumulative error claim must

17  be clearly identified in a petitioner's brief before a state court to be exhausted."  *Wooten v. Kirkland*,

18  540 F.3d. 1019, 1026 (9th Cir. 2008) (citing *Solis v. Garcia*, 219 F.3d 922 (9th Cir. 2000)).  Because

19  Blake failed to raise any of these cumulative error claims with the Nevada Supreme Court, they all

20  remain unexhausted.

21       In Claim Two(A), Blake alleges that he received ineffective assistance of counsel because his

22  trial counsel failed to hire and properly prepare experts to testify on his behalf, primarily Dr. Louis

23  Mortillaro, a psychologist who testified in the guilt phase of Blake's trial.  Blake exhausted this

24  claim in the appeal of his state post-conviction proceeding.  Docket #45-20, p. 31-32.[1]  Legal

25  theories alleged in Claim Two(A) other than ineffective assistance of counsel under the Sixth

26

---

[1] Citations to the record herein use the CM/ECF pagination.

1  Amendment remain unexhausted.

2        In Claim Three, Blake alleges that he received ineffective assistance of counsel because his

3  trial counsel directed him to enter a plea of not guilty by reason of insanity based upon their

4  misapprehension of the elements of that defense.  In Claim Nine(Aii), he alleges that counsel were

5  ineffective for proffering insanity instructions without presenting any evidence to support such a

6  defense.  Blake exhausted Claim Three in the appeal of his state post-conviction proceeding.  Docket

7  #45-20, p. 29-31.   Legal theories alleged in Claim Three other than ineffective assistance of counsel

8  under the Sixth Amendment remain unexhausted. Claim Nine (Aii) was never presented to the

9  Nevada Supreme Court and, therefore, remains unexhausted.

10        In Claim Five(G), Blake alleges that he received ineffective assistance of counsel when his

11  trial counsel waived Blake's right to a preliminary hearing based on a mistaken assumption that the

12  State would not be seeking the death penalty.   Blake exhausted this claim in the appeal of his state

13  post-conviction proceeding.  Docket #45-20, p. 28-29.   Legal theories alleged in Claim Five(G)

14  other than ineffective assistance of counsel under the Sixth Amendment remain unexhausted.

15        In Claim Seven(A), Blake alleges that the trial court unconstitutionally limited his affirmative

16  defenses by requiring him to plead his insanity defense prior to trial.  To the extent that he claims a

17  violation of his right to a fair trial under the Due Process Clause and effective assistance of counsel

18  under the Sixth Amendment, Blake exhausted this claim in the direct appeal of his conviction and

19  sentence.  Docket #43-17, p. 27-30.  Other legal theories alleged in Claim Seven(A) remain

20  unexhausted.

21        In Claim Seven(C), Blake alleges that the trial court committed unconstitutional error by

22  failing to give a proper limiting instruction as to the use of "other matter evidence."  Blake presented

23  a similar claim in the direct appeal of his conviction.  Docket #43-18, p. 4-6.  In doing so, however,

24  he relied entirely on state law and cited a federal case, *Kotteakos v. United States*, 328 U.S. 750

25  (1946), only in relation to his argument that the error was not harmless.  Claim Seven(C) is

26  unexhausted.

3

In Claim Seven(C1/4), Blake alleges that the trial court committed unconstitutional error by failing to remove a juror for cause who was biased against him.  To the extent that he claims a violation of his right to a fair trial, due process, and an impartial jury under the Fifth, Sixth, and Fourteenth Amendments, Blake exhausted this claim in the direct appeal of his conviction and sentence.  Docket #43-18, p. 20-24.  Other legal theories alleged under Claim Seven(C1/4) remain unexhausted.

In Claim Seven (C3/4), Blake alleges that the trial court committed unconstitutional error by failing to prevent the use of peremptory strikes of death-scrupled jurors.  To the extent that he claims a violation of his right to due process, a fair trial, an impartial jury, effective assistance of counsel, and to be free from cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments, Blake exhausted this claim in the direct appeal of his conviction and sentence.  Docket #43-18, p. 24-28.  Other legal theories alleged under Claim Seven(C3/4) remain unexhausted.

Blake raises the same allegation in Claim Seven(J), but combines it with an allegation that the court also erred by denying two other motions related to jury selection.  This claim was never presented to the Nevada Supreme Court and, therefore, remains unexhausted.

In Claim Seven(E), Blake alleges that the trial court committed unconstitutional error by allowing the state to ask the jury to sentence him to death as an expression of societal outrage and to deter future crime.  To the extent that he claims a violation of his due process right to a fair trial and an Eighth Amendment right to be free from an arbitrary and capricious imposition of the death penalty, Blake exhausted this claim in the direct appeal of his conviction and sentence.  Docket #43-18, p. 29-30.  Other legal theories alleged under Claim Seven(E) remain unexhausted.

In Claim Nine(F), Blake alleges that the trial court committed unconstitutional error by failing to give his requested jury instruction regarding the presumption of innocence.  In Claim Seven(F), he alleges that the trial court committed unconstitutional error failing to provide proper jury instructions as to several matters, including the presumption of innocence.  To the extent that he claims a violation of his right to a fair trial under the Due Process Clause of the Fifth and Fourteenth

1   Amendments, Blake exhausted Claim Nine(F) in the direct appeal of his conviction and sentence.

2   Docket #43-18, p. 6-8.  Claim Seven(F) was never presented to the Nevada Supreme Court and,

3   therefore, remains unexhausted.

4        In Claim Twelve(A), Blake alleges that he received ineffective assistance of appellate

5   counsel due to a conflict of interest.  Blake exhausted this claim in the appeal of his state post-

6   conviction proceeding.  Docket #45-20, p. 34-36.  Legal theories alleged in Claim Twelve(A) other

7   than ineffective assistance of counsel under the Sixth Amendment remain unexhausted.

8        Next, Blake argues that the ineffective assistance of counsel claims contained in Claims Two

9   through Four were exhausted because he presented the operative facts supporting these claims to the

10  Nevada Supreme Court in the appeal of his state post-conviction proceeding.  As additional reasons

11  why these claims should be deemed exhausted, he notes that (1) the State has taken the position in a

12  currently pending state proceeding that the claims should be dismissed under the law of the case

13  doctrine; (2) to the extent the claims contain additional facts not presented to the state supreme court,

14  those facts do not fundamentally alter the claim; and (3) he was prevented from developing the facts

15  supporting these claims in state court because the state court improperly denied him an evidentiary

16  hearing.

17       Having already concluded that the ineffective of counsel claim in Claim Three is exhausted,

18  the court has considered these arguments in relation to Claims Two and Four and, in that respect, has

19  found them unpersuasive.  The "operative facts" that Blake cites as those that purportedly effected

20  exhaustion of Claims Two and Four fall well short of meeting the "fair presentation" requirement.

21  The facts alleged to support Claims Two and Four do, in fact, fundamentally alter any claim that

22  Blake may have presented to the state supreme court.  In addition, any position the State may have

23  taken with respect to the claims in state court does not estop the State from asserting lack of

24  exhaustion in this court.  *See* 28 U.S.C. § 2254(b)(3).  Finally, as for the state court preventing him

25  from developing these claims, this court is not convinced that, but for being denied an evidentiary

26  hearing in state court, Blake would have developed the facts he now alleges in support of Grounds

1   Two and Four.

2        Lastly, Blake contends that he exhausted Claims Nine(B), (C), (D) and (I) and Claim Five(D)

3   with language contained in his argument on direct appeal that Nevada's lethal injection method of

4   execution violates the Eighth Amendment.  Claims Nine(B), (C), and (D) each challenge the

5   constitutionality of particular jury instructions used at Blake's trial, while Claim Nine(I) asserts that

6   Blake was prejudiced by the cumulative impact of the jury instructions given to the jury.  In Claim

7   Five(D), Blake alleges that his counsel rendered ineffective assistance in failing to object to the

8   presentation of non-statutory aggravating evidence prior to the eligibility calculus, specifically,

9   character evidence.

10        Having considered the relevant language in Blake's direct appeal brief (docket #43-18, p. 18-

11   20), the court concludes that Blake's state court lethal injection claim did not notify the Nevada

12   Supreme Court that he was raising any of the claims now alleged in Claims Nine(B), (C), (D) and (I)

13   and Claim Five(D).  Thus, those claims remain unexhausted.

14        For all remaining claims that the court identified as unexhausted in its order of November 2,

15   2010, Blake either explicitly concedes that they are unexhausted or does not request clarification of

16   this court's prior exhaustion determination.

17        **IT IS THEREFORE ORDERED** that petitioner's motion for clarification (docket #61) is

18   GRANTED in part and DENIED in part.  The following claims in petitioner's amended petition

19   (docket #17) are exhausted:

20        Claim Two(A), Claim Three, Claim Five(G), Claim Six(C), Claim
         Seven(A), Claim Seven(C1/4), Claim Seven(C3/4), Claim Seven(E),
21       Claim Eight, Claim Nine(F), Claim Twelve(A), and Claim Fourteen.

22   The following claims are unexhausted:

23        Claim One, Claim Two (B-F), Claim Four, Claim Five (A-F) and (H-
         J), Claim Six(A), (B), (D), and (E), Claim Seven(B), (C), (C2/4), (D),
24       (F), and (H-K), and Claims Nine through Thirteen (except for Claims
         Nine(F) and Twelve(A)).

25

26        **IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** from the date this

6

order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that Claim One, Claim Two (B-F), Claim Four, Claim Five (A-F) and (H-J), Claim Six(A), (B), (D), and (E), Claim Seven(B), (C), (C2/4), (D), (F), and (H-K), and Claims Nine through Thirteen (except for Claims Nine(F) and Twelve(A)) are to be deleted from his amended petition (docket #17).

     **IT IS FURTHER ORDERED** that, if petitioner abandons his unexhausted claims within the time allowed, respondents shall have **sixty (60) days** from the date the Notice of Abandonment is filed within which to file an answer to the remaining claims in the amended petition (docket #17).

     **IT IS FURTHER ORDERED** that respondents' motion to suspend deadline for filing an answer (docket #70) is DENIED as moot.

     DATED: This 17th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE