UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALFONSO MANUEL BLAKE, | ) | |
| Petitioner, | ) | 3:09-cv-00327-RCJ-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| RENEE BAKER, *et al.*, | ) | |
| Respondents. | ) | |

On October 26, 2011, the petitioner in this capital habeas corpus action, Alfonso Blake, filed a "Motion for Permission to Appeal," with respect to this court's decision to deny his motion for stay and abeyance and to require that he either abandon his unexhausted claims or have his petition dismissed. Docket #78. The respondents filed an opposition to that motion on November 14, 2011. Docket #82. Blake filed a reply on November 28, 2011. The court will deny the motion.

On November 2, 2010, this court entered an order granting, in part, respondents' motion to dismiss (docket #33) and denying petitioner Blake's motion for stay and abeyance (docket #29). Docket #52. In that order, the court concluded that several of the claims in Blake's amended petition are unexhausted. Furthermore, because Blake has not met the requirements for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the court ordered Blake to either abandon those claims or face dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982). On March 14, 2011, the court denied Blake's

motion for reconsideration of that order.  Docket #60.

Arguing that the court had failed to determine whether certain claims may be at least partially exhausted, Blake then filed a motion asking the court to clarify its exhaustion ruling before he decided whether to abandon exhausted claims or suffer dismissal.  Docket #61.  On October 17, 2011, the court revised its findings as to the exhaustion status of certain claims and ordered Blake to abandon his unexhausted claims within twenty days.  Docket #77.

In addition to filing the motion for permission to appeal, Blake filed, in the Ninth Circuit Court of Appeals, a petition for extraordinary writ of mandamus, contesting the denial of his request for stay and abeyance in this court, as well as an emergency motion for stay pending determination of the petition for a writ of mandamus.  *See* Notice of Filings, filed November 3, 2011 (docket #79).  On November 7, 2011, the court of appeals denied the petition for writ of mandamus and the emergency motion for stay.  Docket #80.  On that same day, Blake filed, in this court, a motion requesting that the deadline for filing a notice of abandonment of unexhausted claims be suspended pending the disposition of his motion for permission to appeal.  Docket #81.

With his current motion, Blake asks the court to amend its order of October 17, 2011, to include language that would either allow for an appeal under the collateral appeal doctrine or an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  He also seeks a stay of proceedings in this court pending the outcome of the appeal.

Under 28 U.S.C. § 1292(b), the district court has the discretion to certify an order for interlocutory appeal when the court is of the opinion that the order "involves a controlling question of law, as to which there is substantial ground for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation."  As to the last requirement, Blake suggests that an interlocutory appeal "could obviate the need for the parties to litigate and the Court to adjudicate the claims contained in the amended petition."  Docket #78, p. 15.  According to Blake, a decision from the court of appeals in his favor would result in his federal habeas proceedings being stayed pending the conclusion of state court proceedings, which in turn could

render his federal action moot. *Id*.

That is a conceivable outcome, but not a likely one, especially given that Blake's successive state post-conviction petition has already been denied in the state district court. See Docket #74-1. And, because his case is already in Nevada Supreme Court, there is a good chance that Blake's state court proceedings will conclude before the Ninth Circuit decided whether this court erred in denying his request for stay and abeyance under *Rhines*. In that case, it would matter little whether the state court proceedings render the federal action moot – i.e., the interlocutory appeal would have only served to move federal proceedings this court to the court of appeals with little or no effect on the ending date. Thus, the court is not convinced, even under Blake's scenario, "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As such, the court is not willing to amend its order of October 17, 2011, to allow for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

As for Blake's claim that the denial of his motion for stay is appealable under 28 U.S.C. § 1291, as a "collateral order," the court does not find that its order denying Blake a stay would be "effectively unreviewable on appeal from the final judgment in the underlying action." *See Swint v. Chambers County Commission*, 514 U.S. 35, 42 (1995) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). In *Thompson v. Frank*, 599 F.3d 1088 (9th Cir. 2010), the Ninth Circuit noted that an order *granting* a motion for stay and abeyance was reviewable on appeal after final judgement, 599 F.3d at 1090. Likewise, any error that the district court made in determining whether certain claims had been exhausted can be remedied fully on appeal from the final judgment. *Id*. Accordingly, the court in *Thompson* held that it did not have jurisdiction to review the order under the collateral order doctrine. *Id*.

While the issue here is whether an order *denying* a motion for stay and abeyance is reviewable on appeal after final judgment, the court in *Thompson* cited to *Olvera v. Giurbino*, 371 F.3d 569 (9th Cir.2004), as one authority for its holding. In *Olvera*, the court of appeals reviewed, after final judgment, an order denying an exhaustion stay. 371 F.3d at 574. In addition, Blake

3

concedes that he would "have no basis for an appeal" if not for what he claims to be this court's erroneous determination that certain claims remain unexhausted. Docket #83, p. 2-3. That asserted error can be cured on appeal after final judgment even if Blake abandons those claims prior to an adjudication on the merits in this court. *See*, *e.g.*, *Ybarra v. McDaniel* 656 F.3d 984, 991-92 (9th Cir. 2011) (assessing the merits of a claim that petitioner had abandoned pursuant to the district court's order requiring him to abandon his unexhausted claims or face dismissal of his entire petition).

Therefore, Blake's motion for permission to appeal shall be denied, and the proceedings in this court shall not be stayed. Blake shall required to choose whether to abandon his unexhausted claims or face dismissal under *Rose v. Lundy*.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Permission to Appeal (docket #78) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **twenty (20) days** from the date this order is entered within which to file a Notice of Abandonment of Unexhausted Claims, indicating that Claim One, Claim Two (B-F), Claim Four, Claim Five (A-F) and (H-J), Claim Six(A), (B), (D), and (E), Claim Seven(B), (C), (C2/4), (D), (F), and (H-K), and Claims Nine through Thirteen (except for Claims Nine(F) and Twelve(A)) are to be deleted from his amended petition (docket #17).

**IT IS FURTHER ORDERED** that, if petitioner abandons his unexhausted claims within the time allowed, respondents shall have **sixty (60) days** from the date the Notice of Abandonment is filed within which to file an answer to the remaining claims in the amended petition (docket #17).

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time (docket #81) is DENIED as moot.

DATED: This 7th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE