UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALFONSO MANUEL BLAKE,

    Petitioner,

vs.

RENEE BAKER, *et al.*,

    Respondents.

3:09-cv-00327-RCJ-WGC

**ORDER**

Respondents have filed a motion to dismiss (ECF No. 130) with respect to petitioner's second amended petition for writ of habeas corpus (ECF No. 124). Respondents argue that claims in the petition are unexhausted, procedurally barred, and/or not cognizable in a federal habeas proceeding.[1] In relation to respondents' motion to dismiss, petitioner has filed a motion for evidentiary hearing. ECF No. 141. This order decides both motions.

**I.**    **Background**

In March 2004, a jury sitting in the Clark County Eighth Judicial District Court found Blake guilty of two counts of first-degree murder with the use of a deadly weapon and returned a sentence of death. The jury also found Blake guilty of attempted murder with the use of a deadly weapon, for which he was sentenced to two consecutive terms of 96 to 240 months in prison.

---

[1] Respondents have withdrawn additional argument that certain claims in the second amended petition are untimely. ECF No. 150, p. 10.

On direct appeal, the Nevada Supreme Court affirmed the convictions and sentences in a decision issued in October 2005. *Blake v. State*, 121 P.3d 567 (Nev. 2005). Blake initiated state post-conviction proceedings on June 22, 2006. In May 2007, with the assistance of appointed counsel, he filed a supplemental petition. Without holding an evidentiary hearing, the state district court denied relief with a decision entered in October 2007. Blake appealed. In February 2009, the Nevada Supreme Court affirmed the lower court. *Blake v. State*, 2009 WL 1491366 (Nev.).

On June 24, 2009, Blake initiated this federal habeas proceeding. On March 4, 2010, he filed an amended petition for writ of habeas corpus. The following month, he initiated a second state post-conviction proceeding. On November 2, 2010, this court denied Blake's motion for stay and abeyance and granted, in part, respondents' motion to dismiss his petition on exhaustion grounds. When Blake refused to abandon unexhausted claims, this court dismissed this case without prejudice pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

On September 26, 2011, the state district court dismissed Blake's second state post-conviction petition as procedurally barred. On March 14, 2014, the Ninth Circuit Court of Appeals reversed this court's dismissal of Blake's federal petition and remanded this case with instructions to grant the stay and abeyance. *Blake v. Baker*, 745 F.3d 977, 984 (9th Cir.), *cert. denied*, 135 S. Ct. 128 (2014).

On July 30, 2014, the Nevada Supreme Court affirmed the lower court's dismissal of Blake's second state petition. On October 29, 2014, Blake filed a status report in this case indicating that his state court proceedings had concluded. On July 8, 2015, Blake filed the second amended petition for writ of habeas corpus that is the subject of respondents' motion to dismiss.

**II. Motion to Dismiss**

    1. *Exhaustion of Claim Fourteen*

Respondents argue that Claim Fourteen of Blake's second amended petition is partially unexhausted. In that claim Blake alleges that his death sentence violates his constitutional rights

because execution by lethal injection is cruel and unusual punishment and because Nevada's current execution protocol is cruel and unusual punishment.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

Respondents argue that Blake has added legal theories to Claim Fourteen that have not been presented to the state court – i.e., that his death sentence is invalid under constitutional guarantees of freedom of information and a reliable sentence and violates the First and Fifth Amendment. It appears, however, as if Blake merely added these theories to the heading of Claim Fourteen. There are no allegations within the body of the claim indicating how he is entitled to relief under those theories. Thus, the court may deny relief on the merits notwithstanding Blake's failure to present the theories to the Nevada Supreme Court. *See* 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d

614, 623–24 (9th Cir. 2005).

Respondents also argue that Claim Fourteen includes unexhausted allegations that Nevada lacks the means to carry out Blake's execution and that an execution in violation of the Eighth Amendment is prejudicial *per se.* In particular, Blake alleges that one of the three drugs prescribed by Nevada's execution protocol, sodium thiopental, is unavailable and that Nevada's execution chamber is deficient in several regards and unusable for its designated purpose. Blake did not raise these allegations in state court. Even so, this court does not agree that his failure to do so renders Claim Fourteen unexhausted. *See Vazquez v. Hillery*, 474 U.S. 254, 260 (1986) (holding that supplemental evidence presented for the first time in federal court did not fundamentally alter the legal claim presented to the state courts so as to render the claim unexhausted). The court reserves judgment, however, as to whether evidence not presented in the state court may be considered in ruling upon the merits of Claim Fourteen.[2]

   2. *Procedural Default*

Respondents contend that Claims One, Two(B-F), Four, Five(A-F) and (H-J), Six(A, B, D, E), Seven(B, C, D1.2, D2, F, H, I, K), and Nine through Thirteen (except for Claims Nine(F) and Twelve(A)) are procedurally barred and that Claims Two(A), Three, Five(G), Seven(A, D1.1, D1.3, E, J), Nine(F), and Twelve(A) are procedurally barred in part.

A "procedural default" occurs when a petitioner presents a federal law claim for habeas corpus relief to the state courts but the state courts dispose of the claim on procedural grounds instead of on the merits. A federal court will not review the claim if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

---

[2] As for the allegation that an execution in violation of the Eighth Amendment is prejudicial *per se*, it is surplusage. A finding that Blake's death sentence violates the Eight Amendment would entitle him to habeas relief. Thus, the allegation is unnecessary and does not impact the exhaustion status of Claim Fourteen.

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir.1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (citation and internal quotation marks omitted). The State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

Respondents argue that the grounds noted above are procedurally barred because Blake did

not present them to the state court until his second state post-conviction proceeding wherein the Nevada Supreme Court barred the claims as untimely and successive under Nev. Rev. Stat. §§ 34.726 and 34.810, respectively.[3]  Under Nev. Rev. Stat. § 34.726(1), a petition is untimely if filed later than one year after the entry of the judgment of conviction or, if an appeal has been taken from the judgment, within one year after the Nevada Supreme Court issues its remittitur.  Nev. Rev. Stat. § 34.810 addresses successive petitions and requires dismissal of claims that have already been raised and adjudicated on the merits, as well as claims that could have been raised in an earlier proceeding, but were not.  The Nevada Supreme Court rejected Blake's arguments that he could show cause and prejudice to overcome the procedural bars.

In response to respondents' assertion of procedural default, Blake challenges the adequacy of Nev. Rev. Stat. § 34.810 as a procedural bar and "does not concede" that Nev. Rev. Stat § 34.726 is adequate.  With respect to the latter, Blake does not assert any specific factual allegations showing inadequacy, thus, he has failed to carry his burden under *Bennett.*  Accordingly, this court concludes that Nev. Rev. Stat. § 34.726 was a "clear, consistently applied, and well-established" procedural rule at the time of Blake's default.  *See Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000) (recognizing the adequacy of Nevada's procedural time bar).

With regard to the adequacy of Nev. Rev. Stat. § 34.810, Blake cites the Ninth Circuit's decision in *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002), where the court held that Nevada's successive petition bar is inadequate to bar federal review in capital cases.  *See Valerio*, 306 F.3d at 777–78.  By citing to *Valerio*, he has carried his burden under *Bennett*; and the burden "shifts back to the government to demonstrate that the law has subsequently become adequate." *King v. LaMarque*,

---

[3] Arguing that the claim was unexhausted, respondents did not assert procedural default with respect to Claim Fourteen.  Because the claim was not presented until Blake's second state post-conviction proceeding, it is a claim to which these procedural bars were applied.  Respondents are permitted to raise the defense in their answer if they so choose. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (motion to dismiss in habeas is not a responsive pleading that required the state to raise or waive all of its defenses).

464 F.3d 963, 967 (9th Cir. 2006).

Respondents argue that *Valerio* is irreconcilable with the Supreme Court's subsequent decisions in *Beard v. Kindler*, 558 U.S. 53 (2009), and *Walker v. Martin*, 562 U.S. 307 (2011), because the Supreme Court in those cases rejected the notion that a state court's discretionary application of procedural rule will necessarily render it an inadequate ground to bar federal review. In *Valerio*, the court noted a handful of capital cases in which the Nevada Supreme Court bypassed Nev. Rev. Stat. § 34.810 to reach the merits of a capital petitioner's claim(s). *Valerio*, 306 F.3d 776-77. Relying on those cases, the court of appeals concluded that the Nevada Supreme Court "exercised a general discretionary power" to address the merits of defaulted claims and, on that basis, determined that Nev. Rev. Stat. § 34.810 was not an adequate bar to federal review. *Id.* at 778.

The reasoning in *Valerio* has certainly been called into question by *Beard* and *Walker*. *See Beard*, 558 U.S. at 60-61 (holding that a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review," because it can be considered "firmly established") and *Walker*, 562 U.S. at 320 (explaining that a rule is not automatically inadequate "upon a showing of seeming inconsistencies" and that state court must be allowed discretion "to avoid the harsh results that sometimes attend consistent application of an unyielding rule"). But even if *Valerio* has not been overruled, respondents have nonetheless carried their "ultimate burden" under *Bennett*.

The court in *Valerio* found that the bar was inadequate as of 1990. *Valerio*, 306 F.3d at 778. Because the analysis focuses on the time the purported default occurred and not when a state court actually applies the bar, respondents must show that Nev. Rev .Stat. § 34.810 had become clear, consistently applied, and well-established by the time of Blake filed his counseled supplemental petition in his first state post-conviction proceeding (May 2007). *See Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir.2001) (citing *Fields v. Calderon*, 125 F.3d 757, 760–62 (9th Cir.1997)). In *Nevada v. Eighth Judicial District (Riker)*, 112 P.3d 1070 (Nev. 2005), a capital habeas case, the Nevada Supreme Court affirmed the "mandatory" nature of its procedural rules, including Nev. Rev

.Stat. § 34.810. *Riker*, 112 P.3d at 1077-82. In addition, respondents cite to numerous capital cases subsequent to *Riker* in which the Nevada Supreme Court has barred claims pursuant to Nev. Rev. Stat. § 34.810. See ECF No. 150, p. 20-21. Thus, respondents have shown that, by May 2007, Nevada's successive petition bar had become a "clear, consistently applied, and well-established" procedural rule in capital cases.

Having concluded that the procedural rules the Nevada Supreme Court imposed in Blake's second state habeas proceeding are, as a general matter, adequate to bar federal review, the court turns to Blake's arguments that certain claims are not procedurally defaulted. Blake contends that Claims Five(G), Seven (D1.3), (J in part), Nine(F), and Twelve(A) are not procedurally defaulted because they were reviewed on the merits by the Nevada Supreme Court either in his direct appeal or in his first state post-conviction proceeding.

With respect to Claims Five(G), Nine(F), and Twelve(A), respondents do not dispute that the core legal and factual allegations contained in these claims were presented to the Nevada Supreme Court and the Nevada Supreme Court adjudicated those claims on the merits. As previously noted by this court, however, Blake, in his second amended federal petition, included legal theories in relation to these claims that were not presented in Blake's direct appeal or in his first state post-conviction proceeding. ECF No. 77, p. 3-5.[4] Thus, these claims are not procedurally defaulted, but only as to legal theories identified as exhausted in the court's previous order – i.e., ECF No. 77.

Similarly, Blake partially exhausted Claim Seven (D1.3), a challenge based on the trial court's failure to prevent the use of peremptory strikes of death-scrupled jurors, in the direct appeal of his conviction and sentence. ECF No. 43-18, p. 24-28. Thus, to the extent that he claims a violation of his right to due process, a fair trial, an impartial jury, effective assistance of counsel, and to be free from cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments, Claim Seven (D1.3) is not procedurally defaulted. The claims is procedurally defaulted only to the extent he

---

[4] References to page numbers for ECF documents are based on ECF pagination.

seeks relief under other legal theories. Claim Seven(J) raises the same allegation as Claim Seven(D1.3), but combines it with an allegation that the court also erred by denying two other motions related to jury selection. Thus, Claim Seven(J) is not procedurally defaulted only to the extent that it is redundant of Claim Seven(D1.3).

Blake also contends that Claims Two(E), Five(J), Seven(K), Nine(I), and Thirteen are not procedurally defaulted because, as cumulative error claims, the court is duty-bound to consider them. Claim Thirteen is a claim that the combined prejudice of errors alleged throughout his entire petition deprived him of a fair trial in violation of his constitutional rights. The other four "claims" are allegations of combined prejudice arising from the type of error alleged within that particular section.[5]

With respect to the latter, this court agrees that it must consider the combined prejudicial impact of multiple errors in determining whether to grant relief. *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (holding that even if no single error were prejudicial, the cumulative effect of several substantial errors may be sufficiently prejudicial as to require reversal). In conducting such an analysis, however, the court shall consider only claims of error that are not procedurally barred.

As for Claim Thirteen, a claim of cumulative error must distinctly be raised as an issue at the state level for purposes of exhaustion before seeking federal habeas review. *See Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000) (the district court properly declined to review petitioner's cumulative-error claim when the claim was not presented during the state-court appeals). It follows that such a claim is also subject to procedural default. Because Blake did not present Claim Thirteen to the state court until his second state post-conviction proceeding, it is procedurally defaulted.

\ \ \

---

[5] Claim Two alleges ineffective assistance counsel due to counsel's failure to obtain expert assistance. Claim Five alleges various errors and omissions that constituted ineffective assistance of counsel at trial. Claim Seven alleges various trial court errors. Claim Nine alleges errors in relation to jury instructions.

### 3. *Martinez v. Ryan*

Blake argues that he can show cause and prejudice under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), to excuse any applicable procedural defaults. The Court in *Martinez* held that ineffective assistance counsel (IAC) in a post-conviction review (PCR) proceeding may establish cause for the procedural default of a trial IAC claim if the PCR proceeding was petitioner's first opportunity to raise the trial IAC claim. *Martinez*, 132 S. Ct. at 1315. The Court stressed, however, that its holding was a "narrow exception" to the rule in *Coleman v. Thompson* that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id*. The Court also took care to point out that the exception does not extend beyond claims that counsel was ineffective at trial. *See id.* at 1320.

Like the Arizona system at issue in *Martinez*, the first opportunity for a prisoner in Nevada to raise a trial IAC claim is the initial-review collateral proceeding. *See Brown v. McDaniel*, 331 P.3d 867, 872 n.4 (Nev. 2014) ("We note that because Nevada requires that [trial IAC] claims be raised in a post-conviction petition rather than on direct appeal, . . . the equitable rule from *Martinez* will apply to Nevada state petitioners in federal habeas proceedings.") The Ninth Circuit has explained the showing a petitioner must make to take advantage of *Martinez*:

> Where, as here, the state criminal justice system satisfies the characteristics required by *Martinez*, the petitioner must make two related showings about the strength of his particular IAC claim to excuse its default.
>
> First, the IAC claim must be "a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1318. Thus, there must be a substantial showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. When a defendant challenges a death sentence such as the one at issue in this case, the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Id*. at 695, 104 S.Ct. 2052.
>
> Second, a petitioner must show that "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under

> the standards of *Strickland v. Washington*." *Martinez*, 132 S.Ct. at 1318. Construing *Martinez*, we have held that, to fulfill this requirement, a petitioner must show not only that PCR counsel performed deficiently, but also that this prejudiced the petitioner, i.e., that "there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Pizzuto v. Ramirez*, 783 F.3d 1171, 1178 (9th Cir. 2015) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 367 (9th Cir.), *proceedings suspended and mandate stayed* (Apr. 2, 2014), *and overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 818 (9th Cir. 2015) (en banc)). Although the prejudice at issue is that in PCR proceedings, this is a recursive standard. It requires the reviewing court to assess trial counsel's as well as PCR counsel's performance. This is because, for us to find a reasonable probability that PCR counsel prejudiced a petitioner by failing to raise a trial-level IAC claim, we must also find a reasonable probability that the trial-level IAC claim would have succeeded had it been raised.

*Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) (footnote omitted).

As an initial matter, this court rejects Blake's attempts to argue *Martinez* allows him to overcome the procedural default of claims that are not based on ineffective assistance of counsel. *See Pizzuto v. Ramirez*, 783 F.3d 1171, 1177 (9th Cir. 2015) (explaining that the Ninth Circuit has "not allowed petitioners to substantially expand the scope of *Martinez* beyond the circumstances present in *Martinez*"); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (denying petitioner's claim that *Martinez* permitted the resuscitation of a procedurally defaulted *Brady* claim, holding that only the Supreme Court could expand the application of *Martinez* to other areas). Claims Six, Seven, Nine (except for Nine(A)(ii)), Ten, and Eleven are not IAC claims. Thus, any procedural default of those claims (or sub-claims) cannot be excused based on ineffective assistance of PCR counsel.

Blake argues that the Ninth Circuit has already determined that PCR counsel was ineffective for the purposes of establishing cause for the procedural defaults of Claims One, Two, Three, and Four. Blake points to the Ninth Circuit's finding that ineffective assistance of PCR counsel served as good cause to grant him a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). ECF No. 139, p. 19-22 (citing to *Blake*, 745 F.3d at 982-84). In a footnote, the court indicated that Blake had met the "*Coleman* showing of cause." *Blake*, 745 F.3d at 983 n.7. In this court's view, the court of appeals determined only that Blake had shown that PCR counsel's *performance* met the *Strickland* standard.

It did not assess whether Blake suffered *Strickland* prejudice in his PCR proceeding. In addition, the opinion in *Blake* appears to be focused only on the trial IAC claim in Claim Two of Blake's petition. *Id*. at 979 ("In his amended petition, [Blake] argued for the first time that, among other things, his trial counsel was ineffective for failing to discover and present to the jury evidence of Blake's abusive upbringing and history of mental illness."). Thus, Blake overstates the scope of the court's decision.

Ultimately, the question whether *Martinez* allows Blake to overcome the procedural default of his trial and appellate IAC claims depends upon the merit of those claims.[6] Rather than address that issue here, the court will defer its *Martinez* decision until the merits of those claims are briefed in respondents' answer and petitioner's reply brief. The procedurally defaulted claims to which *Martinez* arguably applies are Claims One, Two, Three, Four, Five, Nine(A)(ii), and Twelve(B).

### 4. *Cognizability*

Respondents argue that Claims Four, Five, and Twelve contain allegations that are not cognizable in a federal habeas action – specifically, allegations of ineffective assistance of post-conviction counsel. Blake concedes that this argument is meritorious. Thus, the court shall dismiss the allegations at issue.

Respondents also argue that Claim Fourteen is not cognizable to the extent it alleges a violation of the Nevada Constitution. Here again, Blake agrees and abandons that portion of the claim.

### III. Motion for Evidentiary Hearing

Blake requests an evidentiary hearing to demonstrate cause and prejudice sufficient to overcome any procedural default with regard to individual claims. As noted above, the court shall first address whether the underlying ineffective assistance of counsel claims are meritorious. Accordingly, Blake's motion for an evidentiary hearing shall be denied without prejudice.

---

[6] Although the Court in *Martinez* appeared to limit its holding to claims that counsel was ineffective at trial, the Ninth Circuit has expanded the doctrine to include claims that counsel was ineffective on direct appeal. *Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 130) is GRANTED in part and DENIED in part.

Claim Fourteen of Blake's second amended petition (ECF No. 124) is denied to the extent Blake claims that his death sentence is invalid under constitutional guarantees of freedom of information and a reliable sentence and violates the First and Fifth Amendment. The remaining federal law theories of relief are properly before the court.

The court dismisses, as procedurally defaulted, Claims Six(A,B,D, and E), Seven(B, C, D1.2, D2, F, H, I, K), Nine (except Nine(A)(ii) and Nine(F)), Ten, Eleven, and Thirteen. Claims Two(A), Three, Five(G), Seven(A, D1.1, D1.3, E, J), Nine(F), and Twelve(A) are procedurally defaulted only as to the aspects of the claims found unexhausted prior to Blake's second state post-conviction proceeding (see ECF No. 77) or as discussed above.

The IAC claims in One, Two(B-F), Four, Five(A-F, H-J), Nine(A)(ii), and Twelve(B) are also procedurally defaulted. The court reserves judgment as to whether petitioner can demonstrate cause and prejudice to overcome the default of those claims.

Allegations of ineffective assistance of post-conviction counsel in Claims Four, Five, and Twelve and the alleged violation of the Nevada Constitution in Claim Fourteen are dismissed as not cognizable in a federal habeas proceeding.

**IT IS FURTHER ORDERED** that respondents shall have **sixty (60) days** from the date this order is entered within which to file an answer to petitioner's remaining grounds for relief.

**IT IS FURTHER ORDERED** that, in all other respects, the order entered May 11, 2015 (ECF No. 123), remains as the schedule for further proceedings in this case.

///
///
///
///

1  **IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (ECF No.
2  141) is denied.
3  DATED: September 28, 2016.

_____
UNITED STATES DISTRICT JUDGE